it is a matter of course that the bill of exceptions must show, upon its face, either expressly or by necessary implication, that it contains the whole evidence.

In Tilton v. Morgaridge, 12 O. S. 98, in the opinion of the court, it was said that the bill of exceptions contained all the evidence given on the trial, and that the judge therein certified it to contain "all the evidence introduced by the plaintiff for the purpose of proving or tending to prove the arrest of the plaintiff upon said warrant issued by Joseph Clark, Justice, and all the proofs of the defendant tending to disprove the matters charged."    In that case it was desired by the counsel to review the decision on that particular point; but the court says, "it is not certified, nor does it appear by necessary implication, that the bill of exceptions contains all the evidence given upon the trial, which is indispensably necessary to enable this court to determine whether the court below did or did not err in overruling the motion for a new trial for the alleged cause that the verdict is against the evidence.  We can not, therefore, in this case, look to the evidence set out by the bill of exceptions."

In the case of Eastman v. Wight, 4 O. S., 156, 159, it is said the bill of exceptions does not state that all the evidence given at the trial is set forth—the language of the bill being that the witnesses, respectively, "testified in substance" as therein set forth; and in one instance, that a witness being re-called, "made some explanations, and testified in substance as follows:"  And the court says,

"To enable this court to review the judgment of the court below, overruling the motion for a new trial, because the verdict is against the evidence, it must appear, either expressly or by necessary implication, that the bill of exceptions contains all the evidence given to the jury upon the trial.  This has been the constant course of decision, and is affirmed in several reported cases."

"Now," as Judge Ranney says, "if it is necessary to sustain the decision of the court, it will be presumed that other evidence was given upon the trial which justified the court in overruling the motion.  Hence we are not at liberty to consider the question as to whether this decision was sustained by sufficient evidence, or not."

After the judgment was rendered in this case, a motion was filed to set aside that judgment and to grant a new trial because of and for the mistake of the clerk, that there was an irregularity in obtaining said judgment, because said judgment was rendered before said cause stood for trial.

What irregularity there may have been is not apparent from the record; and the record shows, thereupon the judgment was rendered.  And we, therefore, are of the opinion that the court did not err in the matter of the decision, nor in overruling this motion, and the action by the court of common pleas will be affirmed in both cases.

W. W. Boynton and Edgar Sowers, for plaintiff in error.
W. C. Rogers and R. D. Updegraff, for defendant in error.

---

450                              ROADS.
[Hamilton Circuit Court, January Term, 1889.]
Smith, Cox and Swing, JJ.
†CHESELDINE v. HAMILTON COUNTY (COM'RS.)

1. COUNTY LIABLE FOR CHANGE IN GRADE OF A ROAD.
Where the County Commissioners, under an act of the legislature, proceed to improve a road, and in doing so change the grade of the road as heretofore established, an owner of land abutting on such road, who has improved his land by placing buildings, etc. thereon, such improvements being made with direct reference to the grade of the road as then established, has a cause of action for damages against the County Commissioners, where by such change of grade his access to and from the road to his land is interfered with.

†This judgment was affirmed by the supreme court without report, May 24, 1892.

**2. NOT AN ACTION FOUNDED ON TORT.**
Such cause of action is not founded on the tort or negligence of the county commissioners.

Error to the Court of Common Pleas of Hamilton county.

SWING, J.

Plaintiff brought his action in the court of common pleas, alleging in substance that he was the owner of certain real estate in Bond Hill, fronting 100 feet on what is known as the Paddock road; that he had improved said premises by building a dwelling-house, barn and other valuable improvements; that said road had an established grade, and that said improvements had been made with reference to said grade.

That said defendants, acting under an act of the legislature of Ohio authorizing the improvement of said road, had without any notice to him, and without having paid him for the same, changed the grade of said road, by which change the grade was raised from five to seven feet in front of his said premises, whereby plaintiff's access to said road was greatly damaged, the amount of damage claimed being $1,000.

The commissioners filed a general demurrer to the petition, and the court below sustained the same; and this action of the court is the ground of error relied on here.

Has the plaintiff stated a cause of action?

In the first place, has his property been taken, for which, under the constitution of the state, he is entitled to full compensation in money?

What right has he in the highway, and what right has he in the access to his property from the highway?

It seems to us that these questions have been very clearly answered by our supreme court, commencing with the case of Crawford v. Delaware, 7 O. S. 459; Street Ry. Co. v. Cumminsville, 14 O. S. 523, and Jackson v. Jackson, 16 O. S. 163, and other cases. In the last case, the court, at page 168, after referring to the Crawford and Cumminsville, *supra*, cases, and what they had decided, says:

"The private rights of the owner of lands in the highways, upon principle, are the same as those of the owner of lots in town to the adjacent streets. * * * Such owner has a private right of access to and from the street or highway, and when he has made improvements on his land with direct reference to the adjoining highway as then established, and with reasonable reference to its prospective improvement and enjoyment by the public, he has a private right of way or passage to and from the highway as it then exists, and any substantial change in the highway to the injury of such passage or way is an invasion of his private property."

It would seem, after reading the decision of the court in this case, that it would be unnecessary to consider this branch of the case any further, for it is clear that, if the allegation of the plaintiff's petition be true, he has been deprived of his property for the public use and without compensation, and it results that he must have a cause of action against somebody.

Is it against the county commissioners? We think it is.

The case of Badgely v. Commissioners, 1 Disney, 316, is directly in point. And while it is not an authority that we are compelled to follow, we can see no escape from the reasoning and conclusions of the court. The court says, at page 320:

"The property of plaintiff has been taken and appropriated to the use of the county by its properly authorized agents, and for a lawful purpose. It has been thus taken without the plaintiff's consent and without being paid for. The law says it shall be paid for, and has provided a remedy, but the special remedy thus provided has failed the plaintiff without fault on his part. He is therefore remitted of necessity to his action against the county, as at common law, for the damages he has sustained."

The theory of counsel for the county commissioners, that plaintiff's cause of action was founded on the negligence of the commissioners, is not correct, and the authorities relied on do not apply to the case at bar.

The judgment of the court below in sustaining the demurrer of the defendants was erroneous, and the same will therefore be reversed, and cause remanded for further proceedings.

(Affirmed by supreme court without report, May 24, 1892.)

Miles Johnston, for plaintiff in error.

W. A. Davidson, county solicitor, *contra*.

---

452           **TAXATION.**

[Erie Circuit Court, May Term, 1892.]

Scribner, Bentley and Haynes, JJ.

HAWK AND MOSS, EX'RS v. WM. J. BONN, AUDITOR, ETC.

1. OHIO EXECUTOR OF NEW YORK ESTATE NOT TO BE LISTED.

The mere fact that a resident of New York appoints a resident of Ohio as one of his executors, all the property and the settlement of the estate being in New York, does not entitle the auditor here to list any of the property here for taxation.

2. AUDITOR'S NOTICE OF INTENTION TO LIST AUTHORIZES INJUNCTION.

Notice by the auditor that he will put property on the duplicate, unless immediately returned for taxation, is sufficient to authorize asking an injunction.

HAYNES, J. (Orally.)

This case comes into this court by way of appeal, and has been heard upon evidence. The petition is brought for the purpose of restraining the county auditor from placing upon the tax duplicate of the county of Erie, certain personal property, amounting to several hundred thousand dollars, belonging to the estate of Hawk, deceased; which, it is claimed, should be placed upon the duplicate by reason of the fact that J. O. Moss, one of the executors, is domiciled in the state of Ohio. This case has been ably argued by counsel. I believe we have examined all the cases that have been submitted to us by counsel; I shall be under the necessity of being very brief in stating the conclusions at which we have arrived.

Before going to the main question, however, I will dispose of a question that is in the petition, by which it is claimed that the injunction can not be maintained at this time, or at this stage of the case.

The petition is filed, we suppose, under sec. 5848 Rev. Stat. It provides for the restraining of the assessment, and enjoining the illegal levy of taxes and assessments as well as the collection of the same. It was said in argument that this property had not yet been placed upon the duplicate—that hardly had affairs arrived at that condition where it was threatened to be placed upon the duplicate. But we think that the notice served upon Mr. Moss clearly shows that the intention of the auditor was forthwith to place the property upon the duplicate, unless Mr. Moss should immediately make a return of the amounts which the auditor indicated to him, which he refused to do.

The same question arose in Jones, Auditor v. Davis, 35 O. S. 474. That was one of the series of cases that were at one time pending in the court of common pleas of Lucas county, and arose from an attempt on the part of a certain board of equalization of that city to put a large amount of property upon the tax duplicate. Among other things, they attempted to put thereon certain stocks, held by Mr. Davis in the elevator companies in that city. The cases were closely contested, and every point that counsel could think of, was raised in opposition to the injunctions; and among other things, it was objected that the injunctions could not be allowed, especially at that stage of the proceedings. The court say in reference to that:

"The objection that a court of equity will not enjoin the levying of a tax on property illegally added to the return of the taxpayer is not well founded. The statute, 75 O. L. 778, which is sec. 5848 Rev. Stat., provides that the courts of common pleas and superior